IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES  ) | |
| ) | |
| vs.   ) | Case No 20 CR 544 |
| ) | |
| LUCIA VARGAS-AGUILAR  ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The government has filed a motion in which it seeks what it calls "clarification of the Court's credibility findings" following the hearing on the defendant's motion to suppress. Motion for Clarif. at 1. In particular, it asks the Court "to clarify that, while it found that the government had failed to establish that Lucia Vargas-Aguilar voluntarily consented to a warrantless search of her residence, it made no finding that either agent lacked candor in testifying before the Court." *Id.*

The Court has reviewed its oral findings following the hearing. On the question of Agent Soria's credibility, the Court stated the following, among other things:

- "I do not find the agent's testimony that Ms. Vargas-Aguilar initially volunteered to let the agents go search her home without being asked to be believable."
- ". . . I found the agent's testimony about the circumstances surrounding . . . the presentation and signing of the written consent form not to be credible . . . ."
- "I also did not find credible the agent's testimony that after the claimed volunteered consent, he again asked Ms. Vargas-Aguilar if they could search the house and she said yes."
- ". . . there's no credible evidence that Ms. Vargas-Aguilar gave consent to enter and search her home at any time prior to the law enforcement's [sic] agent's actual entry or search."

Oct. 14, 2021 Tr. at 7-8.

In short, the Court found the agent's testimony not to be credible or believable in several respects; specifically, the Court did not believe the agent's testimony in these

respects. The Court believes that this is abundantly clear from the record and does not require any additional clarification or elaboration. The Court also notes that it is not particularly clear exactly what—beyond the question of believability, on which the Court's findings were and are clear—the government means when it asks the Court to say whether it found the agent to "lack[ ] candor."

## Conclusion

Based on the comments in this order, the Court finds the government's motion for clarification to be moot and therefore directs the Clerk to terminate it as moot [56].

Date: December 10, 2021

_____
MATTHEW F. KENNELLY
United States District Judge